```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
                          FLORENCE DIVISION
```

| | |
|---|---|
| Virginia H. Fisher, | ) Civil Action No.: 4:08-cv-01634-RBH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Securitas Security Services USA Inc, | ) |
| | ) |
| Defendant. | ) |

This is an employment discrimination case. Plaintiff alleges that Defendant, her former employer, discriminated against her based upon her race and gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and discriminated against her based upon her age in violation of Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Defendant filed its [Docket Entry 24] Motion for Summary Judgment on March 24, 2009.

This matter is now before the court with the [Docket Entry 44] Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III[1] filed on December 2, 2009.[2] In his Report, Magistrate Judge Rogers recommended that summary judgment should be granted and the case dismissed in its entirety. Plaintiff, through counsel, timely filed objections to the Report on December 21, 2009. Defendant filed a response to Plaintiff's objections on December 30, 2009.

---

[1] All pretrial proceedings in this matter were referred to Magistrate Judge Rogers pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

## Background[3]

Defendant provides physical security services to Progress Energy's Robinson Nuclear Plant in Hartsville, South Carolina. The Robinson Nuclear Plant is licensed by the United States Nuclear Regulatory Commission ("NRC") and is subject to the conditions and requirements imposed pursuant to the Atomic Energy Act of 1954, 42 U.S.C. § 2011 et seq., and Part 10 of the Code of Federal Regulations. The security program requirements established by the NRC are provided for in Title 10 of the Code of Federal Regulations. These requirements also fall within the purview of the United States Department of Homeland Security.

Plaintiff began working for Defendant in 1990 as an unarmed watch officer. In the mid-1990's, Plaintiff submitted a letter to her supervisor indicating her desire to move from an unarmed to an armed officer position. Accordingly, Defendant provided her with instructor training at the shooting range, as well as sent her through a training class for new armed officers. After Plaintiff became an armed officer, Defendant approached her about taking on the new responsibility of being a field training officer. In conducting her field training duties, Plaintiff was required to and did know all of Defendant's policies, procedures, and safeguards. In 2004 and 2005, Defendant approached Plaintiff on several occasions about applying for a promotion to become a back-up sergeant. Eventually, Plaintiff did apply and was promoted to back-up sergeant in or around February 2005.

In 2006, Plaintiff was promoted to full-time sergeant. Before being placed in the full-time sergeant position, Plaintiff was required to go through a ninety (90) day program to receive

---

[3] As the Magistrate Judge correctly noted, Plaintiff did not submit any evidence by way of affidavit, deposition testimony, or otherwise in conjunction with her response to the motion for summary judgment. Therefore, the following facts are developed exclusively from the evidence submitted by Defendant.

2

the necessary training for that position. In her deposition, Plaintiff stated that she was not aware of any other applicants that had to go through such training. However, Plaintiff stated that there were duties required of a full-time sergeant that she had not done before and on which she needed the additional training. Therefore, before being promoted to full-time sergeant, she was moved to a shift where she could receive the necessary training. As soon as the training was complete, Plaintiff started in her new role as a full-time sergeant.

Plaintiff's new position as a full-time sergeant was an armed position. Therefore, to remain employed, Plaintiff was required to stay proficient in her range training and successfully pass a weapons qualification each year. Plaintiff participated in this weapons qualification each year since becoming an armed guard in the mid-1990's. All of Defendant's armed employees on site, including but not limited to all of the full-time sergeants, were required to take the same qualification test and qualify on the same weapons.

In May of 2007, Plaintiff failed three (3) attempts to qualify on the .308-caliber rifle. May 2007 was not the first time Plaintiff had been required to take a weapons qualification test or qualify specifically on the .308-caliber rifle. Plaintiff had tested and qualified on the .308-caliber rifle the year prior to May 2007. It is undisputed that failure to pass the annual qualification test on the third attempt would result in Plaintiff's employment being terminated. Plaintiff was aware of the qualifying score needed to pass and testified that she did not receive that score. As a result of the weapon qualification failure, Defendant terminated Plaintiff's employment. Plaintiff never re-applied for employment with Defendant following her termination.

Thereafter, on July 31, 2007, Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission ("SCHAC"), generally alleging, among other things, discrimination on the basis of race, sex, and age. Plaintiff asserted that she was harassed and intimidated for no reason on several occasions. She also asserts that she knew of other similarly situated employees that were allowed to continue in their positions after failing on the shooting range. However, in her later deposition testimony, she admitted that she knows of no one who was not terminated after failing three attempts on a weapons qualification.

Plaintiff filed this discrimination action on April 17, 2008.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the court must "satisfy itself

4

that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory comm's. notes).

**Discussion**

I.   Failure to Exhaust Administrative Remedies and Timeliness of Charge

In his Report, the Magistrate Judge recommends that Plaintiff's 2005 promotion claim is time-barred under Title VII and the ADEA.  The Magistrate Judge further recommends that to the extent Plaintiff is claiming race, age, or gender discrimination with respect to the 2005 promotion process, Plaintiff failed to exhaust her administrative remedies as to those claims. The court agrees with both.  "The scope of the plaintiff's right to file a federal lawsuit is determined by the [administrative] charge's contents." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).  Accordingly, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

On July 31, 2007, Plaintiff filed a charge with SCHAC alleging that problems with Defendant began in September 2005 when she applied for a promotion. Plf. Depo. Ex. [Docket Entry 24, Attach. 3].  Plaintiff further alleged that she was harassed and intimidated on several occasions, the latest being in May of 2007.  Defendant argues, and it appears to the court, that absent from the charge were any allegations of discriminatory actions by Defendant on the basis of race, gender, or age relating to the promotion process in 2005, and therefore any such claims are now procedurally barred due to Plaintiff's failure to exhaust her remedies.

5

Moreover, Defendant asserts that, even if the initial charge included such allegations, the charge and allegations were untimely. "Title VII and the [ADEA] . . . provide a maximum of 300 days from the occurrence of an alleged discriminatory event for a claimant to file a timely charge with the EEOC, if she first instituted proceedings with a state or local agency, 42 U.S.C. § 2000e-5(e)(1); 26 U.S.C. § 26(d)(2)." *Evans*, 80 F.3d at 962. Therefore, Defendant argues that Plaintiff's July 2007 charge could present allegations only as far back as October 4, 2006, which would necessarily exclude any claims surrounding the promotion process in 2005. In her complaint, Plaintiff makes allegations regarding her application for promotion in 2005 and her termination in 2007. However, Plaintiff does not allege a continuing pattern of discrimination or a hostile work environment, and Plaintiff has subsequently failed to present evidence of such. Accordingly, the court agrees with the Magistrate Judge that the alleged discrimination surrounding the 2005 promotion process is a discrete act and "an employee must file a charge of discrimination within the appropriate limitations period as to each discrete act of discrimination that occurred." *Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004). Therefore, because the 2005 promotion claim falls outside the limitations period, any claims pertaining to actions surrounding the 2005 promotion process are time-barred under Title VII and the ADEA.[4]

## II. Title VII's National Security Exemption

Title VII provides a national security exemption that divests the district courts of jurisdiction over Title VII claims involving "employment decisions made in the interest of

---

[4] The court notes that Plaintiff, in her objections, failed to object to the Magistrate Judge's recommendation that any 2005 promotion claims are time-barred. Accordingly, the court is not required to give any explanation for adopting the Magistrate's recommendation as to these claims. Nevertheless, the court has reviewed the Recommendation, applicable law, memoranda, and evidence, and for the reasons stated above, agrees with the Magistrate Judge's recommendation regarding the 2005 promotion claims.

national security." *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 5 (D.D.C. 2004); *see also* 42 U.S.C. § 2000e-2(g). In his Report, the Magistrate Judge found that Defendant "fail[ed] to present sufficient evidence to establish that the national security exemption applies in this case," and "[t]herefore, its Motion for Summary Judgment on this issue should be denied." Report [Docket Entry 44] at 10. Defendant did not file objections to the Magistrate Judge's Report.[5] Accordingly, the court has reviewed the Report for any clear error on its face and finds none. *Diamond*, 416 F.3d at 315. Therefore, the court adopts the Magistrate Judge's recommendation to deny Defendant summary judgment on this basis.

III.   Discrimination Claims

In his Report, the Magistrate Judge recommended that the court should grant Defendant's motion for summary judgment because Plaintiff "fail[ed] to meet her burden of presenting sufficient evidence to create an issue of fact as to discrimination." Report [Docket Entry 44] at 16. Plaintiff specifically objects to this finding and argues that Plaintiff has demonstrated a proper *prima facie* case of unlawful discrimination and that summary judgment is inappropriate.[6] However, after reviewing the Report, objections, memoranda, and applicable law, the court finds itself in agreement with the Magistrate Judge and finds that summary judgment is appropriate on this issue.

---

[5]   Plaintiff, in her objections, did not address the Magistrate Judge's recommendation regarding the national security exemption. Therefore, neither party filed objections as to this particular recommendation.

[6]   The Magistrate Judge found that Plaintiff failed to establish discrimination based upon her race, gender, or age. The court notes that although Plaintiff objected to the Magistrate Judge's finding regarding race and gender, Plaintiff failed to object regarding age thereby waiving her right to *de novo* review on that issue. Nevertheless, after review, Plaintiff's claim of discrimination based upon age would fail for the same reasons that the court and Magistrate Judge find her race and gender claims fail.

7

In her complaint, Plaintiff alleges discrimination based upon race, gender, and age. Race and gender discrimination claims are governed by Title VII, while age discrimination claims are governed by the ADEA. Under the *McDonnell Douglas*[7] framework, Plaintiff has the initial burden of demonstrating a *prima facie* case of discrimination. *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). In order to prove a *prima facie* case of discrimination, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she has suffered an adverse employment action; and (4) other employees who are not members of Plaintiff's protected class were retained under apparently similar circumstances. *Id.* (Title VII); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310-12 (1996) (ADEA).

If Plaintiff establishes a *prima facie* case of discrimination, the burden shifts to Defendant to produce a legitimate, nondiscriminatory reason for Plaintiff's termination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). However, Defendant "need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if [Defendant's] evidence raises a genuine issue of fact as to whether it discriminated against [Plaintiff]." *Id.* at 254-55. Once Defendant has met its burden of production, the sole remaining issue is "discrimination *vel non*." *Reeves*, 530 U.S. at 143. In other words, the burden shifts back to Plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by Defendant is merely a pretextual reason for intentional discrimination. *Id.*; *see also Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004).

---

[7] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* framework was refined in *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993), and *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

After reviewing Plaintiff's objections to the Magistrate Judge's Report, the court finds that summary judgment is appropriate in favor of Defendant on the discrimination claims. Throughout her objections, Plaintiff repeatedly argues that the .308-caliber rifle was not an "assigned weapon," that she should not have been required to qualify on that weapon, and that therefore Defendant cannot justify its termination of Plaintiff on her failure to qualify. Obj. [Docket Entry 45] at 1-2. However, the court finds that based on the record, whether the .308-caliber rifle was an "assigned weapon" is not a dispositive issue, and therefore the court finds that summary judgment is appropriate in favor of Defendant regardless of the nature of the .308-caliber weapon. As the Magistrate Judge correctly found, Plaintiff fails to satisfy the fourth prong required to state a *prima facie* case of discrimination–that other employees who are not members of Plaintiff's protected class were retained under similar circumstances. *See Bryant*, 288 F.3d at 124. In fact, Plaintiff testified in her deposition that she was not aware of anyone who was not terminated after failing three attempts to qualify on the assigned weapons.[8] Plf. Depo. [Docket Entry 24, Attach. 2] at 19. Plaintiff also verified that she knew of both male and female employees, older and younger employees, and employees of all racial backgrounds that were terminated for failing three attempts to qualify on a weapon. *Id.* at 19. Moreover, when asked directly if she believed her termination was based on her gender, Plaintiff answered "[n]o." *Id.* at 43. Furthermore, Plaintiff has failed to present any evidence to support her claims

---

[8] In her deposition, Plaintiff names other employees who were allowed to "come back" after failing to qualify on a weapon. However, Plaintiff does not address this issue in her Response or Objections, other than stating in her Objections that "other employees had been rehired after being terminated for failing to qualify in the past." Obj. [Docket Entry 45] at 2. The court notes that the record shows that these individuals were terminated for failing to qualify on the weapons. Spencer Aff. [Docket Entry 24, Attach. 4] at 3-4. However, the circumstances under which these individuals were allowed to "come back" are not in the record. Finally, it is undisputed that Plaintiff never reapplied for her position after being terminated.

of discrimination. Rather, in both her Response and Objections, Plaintiff points to the fact that she testified in her deposition that, "I got my belief [that my termination was based upon race], that if I was–of the other race that what I was complaining about would have been given consideration." *Id.* at 44. Other than arguing that the qualification on the .308-caliber rifle was not required and should not serve as justification for Plaintiff's termination, Plaintiff has set forth no evidence to support her "belief" that discrimination occurred. *Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir. 1988) (holding that "[Plaintiff's] own naked opinion, without more, is not enough to establish a prima facie case of . . . discrimination."); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (similar holding); *Evans*, 80 F.3d at 959 (similar holding).

Assuming, *arguendo*, that Plaintiff had established a *prima facie* case of discrimination, the court agrees with the Magistrate Judge that summary judgment is still appropriate because Defendant has proffered a legitimate, nondiscriminatory reason for Plaintiff's dismissal and Plaintiff has failed to submit evidence that the proffered reason is merely pretext for a discriminatory reason. Defendant terminated Plaintiff's employment because Plaintiff failed three attempts to qualify on the .308-caliber rifle. Plaintiff has failed to present any evidence to the contrary. In fact, Plaintiff testified during her deposition that, "I don't believe that I would have been terminated had I passed [the weapons qualification]." Plf. Depo. [Docket Entry 24, Attach. 2] at 23.

In her Objections, Plaintiff contends that Defendant's termination of Plaintiff based on her failure to qualify is pretext for discrimination because the .308-caliber rifle was not an "assigned weapon" and therefore Plaintiff's failure to qualify cannot serve as the justification for

her termination.[9] Obj. [Docket Entry 45] at 1-2. However, even assuming, *arguendo*, that qualifying with the .308-caliber rifle was not a requirement under the security plan (i.e., it was not an assigned weapon), there is undisputed evidence in the record that all armed security officers employed by Defendant were required to qualify with the .308-caliber rifle. Accordingly, even if Defendant was incorrect in requiring the security officers to qualify on the .308-caliber rifle, the requirement was implemented across the board for all security officers, and therefore Plaintiff was not treated any differently than similarly situated employees outside her protected class and no evidence of pretext exists in the record. Ultimately, it is not the court's "province to decide whether the reason was wise, fair, or even correct, . . . so long as it truly was the reason for the plaintiff's termination." *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (quoting *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410 (7th Cir. 1997)).

---

[9] This argument appears to be without merit. *See* Spencer Aff. [Docket Entry 29, Attach. 1] at 3, where Spencer averred the following:

> Progress Energy's NRC-approved training and qualification plan includes a requirement that armed Securitas officers be qualified on weapons assigned to both normal and contingency operations. Weapons assigned for normal operations may be carried on a daily basis, whereas weapons assigned for contingency operations may be carried only when appropriate or as needed. Contingency operations may occur, for example, when there is a heightened threat level as indicated by the United States Department of Homeland Security or where there is increased vulnerability to vital equipment at the Robinson Nuclear Plant. In 2007, the .308-caliber rifle was a weapon that was assigned to armed Securitas officers for contingency operations. Every armed Securitas officer working at the Robinson Nuclear Plant in 2007 was required to qualify on the .308-caliber rifle because *it was an assigned contingency weapon*.

*Id.* (emphasis added) (paragraph numbers omitted).

**Conclusion**

For the reasons stated above and by the Magistrate Judge, the court overrules all of Plaintiff's objections and adopts as modified and incorporates by reference the Report and Recommendation of the Magistrate Judge. Defendant's [Docket Entry 24] Motion for Summary Judgment is hereby **GRANTED**. Accordingly, Plaintiff's case is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 12, 2010
Florence, South Carolina